UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JUL 2 6 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-458-GWU

NELSON AMBROSE,            PLAINTIFF,

VS:         MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

Nelson Ambrose brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Ambrose, a 50 year-old former small engine mechanic with a "limited" education, suffered from impairments related to chronic low back pain secondary to degenerative disc disease with a mild bulge at L4-L5, epicondylitis, hypertension, right knee pain, and being status post right medial meniscus arthroscopic surgery repair. (Tr. 21). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21-22). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Linda Sparrow included an exertional limitation to light level work along such non-exertional restrictions as (1) an inability to ever kneel, crawl and climb ladders, ropes or scaffolds; (2) an inability to more than occasionally stoop and climb ramps or stairs; (3) an inability to ever use foot control pedals; (4) an inability to ever work with hands over the head; and (5) a need for a sit/stand option with no prolonged standing or walking in excess of one-hour without interruption. (Tr. 353-354). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 354). Therefore, assuming that the vocational factors considered by Sparrow fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Ambrose's condition as required by Varley. The administrative decision was compatible with the opinion of Dr. Mukat Sharma, a treating source for the plaintiff's back problems, who opined that he could return to his past relevant work.[1] (Tr. 131). Dr. George Williamson treated the claimant for his knee problems and advised that he could "resume all activities without restriction" in October of 2004. (Tr. 240). Dr. Bart Goldman indicated that Ambrose could lift up to 35 pounds occasionally and 20 pounds frequently. (Tr. 140). The ALJ's opinion is also compatible with these restrictions. The hypothetical factors were essentially consistent with the physical restrictions identified by Dr. James Ross (Tr. 205-214) and Dr. Kenneth Phillips (Tr. 230-239), the non-examining medical reviewers. More severe restrictions than those found by the ALJ were not cited by such treating and

---

[1] Sparrow reported that the plaintiff's past work had been medium in exertion. (Tr. 353).

6

examining sources as the staff at the Hyden Rural Health Clinic (Tr. 165-193), the staff at the Little Flower Free Clinic (Tr. 194-204, 284-288), and the staff at the University of Kentucky Family Practice Clinic (Tr. 289-318). These reports provide substantial evidence to support the administrative decision.

Ambrose argues that the opinion of Dr. James Templin supports his claim of disability. Dr. Templin examined the plaintiff and indicated that he would be restricted from lifting more than 30 pounds from waist level or carrying this weight for long distances or time as well as avoid lifting items over 10 pounds from floor level or perform any repetitive lifting from floor level. (Tr. 138). The doctor stated that the claimant should avoid activities requiring frequent bending, stooping, kneeling, crouching, lifting, carrying, climbing or riding in or on vibratory vehicles. (Tr. 138). The Court notes that Dr. Templin's opinion is outweighed and offset by those of Dr. Sharma, Dr. Williamson and Dr. Goldman. Furthermore, the restrictions identified by the physician are not necessarily incompatible with the jobs cited by the vocational expert. The light assembly positions cited by Sparrow are listed in the Dictionary of Occupational Titles (DOT) at Section 723.684-018. (Tr. 354). This section specifically indicates that the such activities as bending, stooping, kneeling, crouching, climbing, and being exposed to vibrations are not required by this work.[2] The lifting restrictions are arguably consistent with light level work. Therefore, the Court must reject the plaintiff's argument.

Ambrose also asserts that Rule 202.09 of the Medical-Vocational Guidelines mandates a finding of disabled status for one of his age of 50,

---

[2] Bending is not specifically mentioned in the DOT Section. However, Social Security Ruling 85-15 indicates that stooping, kneeling, crouching, and crawling are all forms of bending and all of these were specifically indicated to be not required in the work.

7

illiteracy, and lack of transferable skills. The key point on this issue concerns whether the plaintiff is illiterate or has a "limited" education as found by the ALJ.[3] The record contains no achievement testing results. The claimant testified at the administrative hearing that he could not read or write. (Tr. 347). However, he also reported having completed the 8th grade and did not indicate that this had been in special education classes. (Tr. 338, 347). The ability to finish the 8th grade is compatible with a "limited" education and clearly contradictory to his claims of illiteracy. Furthermore, the claimant indicated on the Disability Report that he was able to read and write English. (Tr. 67). Therefore, under these circumstances, the Court finds no error.

The undersigned concludes the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 26 day of July, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[3] If the claimant is of "limited" education, then Rule 202.10 would mandate a finding of "not disabled."

8